UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ARCHIE ENCLADE | CIVIL ACTION |
| VERSUS | NO. 19-11201 |
| CROWLEY MARINE SERVICES, INC. | SECTION D (2) |

## ORDER

Before the Court is Defendant Moran Towing Corporation's Motion for Summary Judgment.[1]  Plaintiff has filed an Opposition,[2] and Defendant has filed a Reply.[3]  Because a disputed issue of material fact exists, the Court denies the Motion.

### I.    FACTUAL BACKGROUND

This dispute arises from an alleged injury aboard a vessel.  Plaintiff Archie Enclade was employed by Daigle Towing, LLC, and Albert and Judy, LLC, as a seaman and member of the crew assigned to the M/V ALEXIA RAY.[4]  According to Plaintiff, on May 13, 2018, the M/V ALEXIA RAY was assisting the M/V MORGAN RAY with a crane barge on the Mississippi River.[5]  Plaintiff alleges that at the time, the ATB LEGEND and ATB PATI R. MORAN (owned by Defendant Moran Towing Corporation) were both passing by the M/V ALEXIA RAY, which caused a large wake.[6]  Plaintiff further alleges this large wake struck the M/V ALEXIA RAY and

---

[1] R. Doc. 67.
[2] R. Doc. 68.
[3] R. Doc. 73.
[4] R. Doc. 35 at 2 ¶ 3
[5] *Id.* at 3-4 ¶ 8.
[6] *Id.* at 4 ¶ 9.

knocked him from the captain's chair where he was sitting.[7]  Alternatively, Plaintiff suggests that the wake caused the M/V ALEXIA RAY to hit a barge, which caused his fall.[8]  Plaintiff claims significant injuries from his fall.[9]  He later brought suit against a variety of defendants, including Moran Towing Corporation.[10]

Defendant Moran Towing Corporation ("Moran") now moves for summary judgment.[11]  Moran argues that at his deposition, Plaintiff made clear numerous times that the wake from the ATB PATI MORAN passed before he fell, and that it was only a "bump" that did not cause his fall.  Moran also points to the fact that when Plaintiff called the coast guard after his fall, he inquired only about the northbound vessel (the ATB Legend), and not the southbound ATB PATI MORAN.  In sum, Moran argues there is no evidence in the record to support a finding that the ATB PATI MORAN caused Plaintiff's fall.

Plaintiff has filed an Opposition,[12] in which he argues the evidence demonstrates an issue of material fact that precludes summary judgment. Specifically, Plaintiff points to the testimony of Captain Brock Smith, who was aboard the vessel at the time of the incident and testified that after the M/V ALEXIA RAY hit the barge, he went outside to see what caused the wake and identified the southbound vessel, *i.e.*, the ATB PATI MORAN.  Further, Plaintiff argues there is Automatic Identification System ("AIS") data that establishes that all of the vessels

---

[7] *Id.* at 4 ¶ 9.
[8] R. Doc. 68 at 3-4.
[9] *Id.* at 4 ¶¶ 9-10.
[10] *See generally* R. Doc. 35.
[11] R. Doc. 67.
[12] R. Doc. 68.

passed at the same time.  Finally, Plaintiff relies on his expert, Captain Leslie Eschete, who has provided an expert opinion that the ATB PATI MORAN and ATB LEGEND were not operating safely, and if they had been, the impact on the M/V ALEXIA RAY would not have been as great.  Moran has filed a Reply,[13] in which it argues that Captain Smith's testimony is conclusory and flawed, and fails to create an issue of material fact.  Moran also argues that Eschete's expert report does not support the proposition that the wake of the ATB PATI MORAN caused Plaintiff's injuries. Finally, Moran stresses that Plaintiff himself was the only witness to any incident and that Enclade testified that it was not the ATB PATI MORAN's wake that caused his fall.

## II.    LEGAL STANDARD

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[14]  When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[15]   While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only

---

[13] R. Doc. 73.

[14] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).

[15] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citations omitted).

a scintilla of evidence."[16]  Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[17]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[18]  The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[19]  If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[20]  The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[21]

---

[16] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).

[17] *Delta & Pine Land Co.*, 530 F.3d at 399 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

[18] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991).

[19] *Id.* at 1265.

[20] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

[21] *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553 (*quoting* Fed. R. Civ. P. 56(e)).

### III.   ANALYSIS

Moran argues that summary judgment is appropriate because Defendant can present no evidence that the ATB PATI MORAN's wake caused his fall and subsequent injuries.  Moreover, Moran emphasizes that Plaintiff himself testified that the ATB PATI MORAN had passed before he fell.[22]  But Plaintiff has come forth with evidence which, when viewed in the light most favorable to Enclade, as this Court is required to do, precludes summary judgment notwithstanding Plaintiff's deposition.

Plaintiff first points to the testimony of Captain Brock Smith.  Captain Smith testified at his deposition that when the M/V ALEXIA RAY hit the barge, he went to see what ship had passed, and identified only a southbound vessel.[23]  The parties do not dispute that the ATB PATI MORAN was southbound.  Captain Smith's testimony is therefore some evidence that the wake from the ATB PATI MORAN hit the M/V ALEXIA RAY and could have contributed to Plaintiff's fall.  Moran resists this conclusion by noting that Captain Smith's testimony is speculative and is less reliable than Enclade's eye-witness testimony.  Moran also argues that Captain Smith's testimony is unreliable, as he stated that the ATB PATI MORAN was orange[24] when it is in fact black.[25]  But here, Moran essentially asks the Court to weigh Captain Smith's testimony against that of Enclade, or to find Captain Smith's testimony not

---

[22] R. Doc. 67-3 at 13 ("Well, the PATTY MORAN done passed."); 14 ("Q.  And do you know for sure where the PATTY MORAN and the LEGEND were in relation to each other when this wake hit the ALEXA?  A.  Well, the PATTY MORAN done passed, you know.").
[23] R. Doc. 68-1 at 18-19.
[24] *Id.*at 19.
[25] R. Doc. 73-2.

credible. It would be inappropriate for the Court to make such findings at the summary judgment stage.[26] Plaintiff also provides AIS data, which reflects that all of the vessels passed at approximately the same time.[27] Moran does not respond to this evidence in its Reply, and—drawing inferences in Plaintiff's favor—the Court finds the AIS data to be some evidence in support of the proposition that Moran's wake could have caused Plaintiff's fall.[28]

The Court acknowledges that the evidence Plaintiff points to in order to establish Moran's liability is thin. At trial, Plaintiff will be encumbered with the task of sufficiently explaining his own deposition testimony, in which he unequivocally stated that the ATB PATI MORAN's wake did not contribute to his fall, with the theory of his case.[29] That determination remains for the trier of fact. Plaintiff has presented sufficient evidence to create an issue of material fact here, with all inferences drawn in favor of Plaintiff. Therefore, summary judgment must be denied.

---

[26] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citations omitted).

[27] R. Doc. 68-2.

[28] The Court notes that Plaintiff also relies on the Expert Report of Captain Leslie Eschete in opposing Moran's Motion for Summary Judgment. *See* R. Doc. 68-5. Because this Report is currently the subject of two Motions *in Limine*, *see* R. Docs. 69 and 70, and because the Court finds the other evidence Plaintiff relies on sufficient to defeat summary judgment, the Court does not rely on Captain Eschete's report in reaching its conclusions in this Order.

[29] *See* R. Doc. 67-3.

IV.    **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**.

New Orleans, Louisiana, November 9, 2020.

**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**